# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re: §
§
RYBICKI, EDWARD J § Case No. 09-72971
RYBICKI, CECILLI §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on                .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                          $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

  5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

  6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

  7.  The Trustee's proposed distribution is attached as **Exhibit D**.

  8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

  The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

  Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/DANIEL M. DONAHUE_____
              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 09-72971 MLB Judge: MANUEL BARBOSA | Trustee Name: | DANIEL M. DONAHUE |
|---|---|---|---|
| Case Name: | RYBICKI, EDWARD J | Date Filed (f) or Converted (c): | 07/17/09 (f) |
| | RYBICKI, CECILLI | 341(a) Meeting Date: | 08/19/09 |
| For Period Ending: | 02/09/15 | Claims Bar Date: | 12/18/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Real Estate Located at 108 W. Hitt St., Mount Morr | 138,000.00 | 0.00 | | 0.00 | FA |
| 2. Checking account with Chase | 20.00 | 0.00 | | 0.00 | FA |
| 3. Checking Account with Union Savings | 250.00 | 0.00 | | 0.00 | FA |
| 4. Checking Account with Union Savings | 65.00 | 0.00 | | 0.00 | FA |
| 5. Checking Union Savings | 75.00 | 0.00 | | 0.00 | FA |
| 6. Miscellaneous used household goods | 2,000.00 | 0.00 | | 0.00 | FA |
| 7. Personal Used Clothing | 700.00 | 0.00 | | 0.00 | FA |
| 8. Wedding Rings | 1,500.00 | 0.00 | | 0.00 | FA |
| 9. 401(k) Plan through employer - 100% exempt | 17,904.67 | 0.00 | | 0.00 | FA |
| 10. Tax refund 2008: $8,959 Refund was spent on necess | 0.00 | 0.00 | | 0.00 | FA |
| 11. 1996 Buick Century, 100,000 miles Value per Kelly | 1,650.00 | 0.00 | | 0.00 | FA |
| 12. 2006 Pontiac Vibe, 141,000 miles Value per Kelly B | 6,455.00 | 0.00 | | 0.00 | FA |
| 13. Personal injury action (u) | Unknown | 1,500,000.00 | OA | 750,000.00 | FA |

| | | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $168,619.67 | $1,500,000.00 | | $750,000.00 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Settlement reached for $1.5 million to be made in two installments of $750,000. The first installment was administered by the Trustee with the remaining $750,000 to be paid directly to the debtor pursuant to the Trustee's Motion to Abandon.

Initial Projected Date of Final Report (TFR): 12/01/13     Current Projected Date of Final Report (TFR): 09/01/14

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 09-72971 -MLB | | Trustee Name: | DANIEL M. DONAHUE |
| Case Name: | RYBICKI, EDWARD J | | Bank Name: | BANK OF KANSAS CITY |
| | RYBICKI, CECILLI | | Account Number / CD #: | *******0211 GENERAL CHECKING |
| Taxpayer ID No: | *******5664 | | | |
| For Period Ending: | 02/09/15 | | Blanket Bond (per case limit): | $ 1,500,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 12/18/14 | 13 | GALLAGHER BASSETT SERV., INC. AS CLAIMS ADMINISTRATOR | SETTLEMENT PROCEEDS: PI CLAIM | 1242-000 | 750,000.00 | | 750,000.00 |
| 12/23/14 | 002001 | KERNS, FROST & PEARLMAN, LLP 3 FIRST NATIONAL PLAZA 70 WEST MADISON, STE. 5350 CHICAGO, IL 60602 | ATTORNEY'S FEES | 3210-600 | | 210,000.00 | 540,000.00 |
| 12/23/14 | 002002 | KERNS FROST & PEARLMAN 3 FIRST NATIONAL PLAZA 70 WEST MADISON, SUITE 5350 CHICAGO, IL 60602 | ATTORNEY EXPENSES | 3220-610 | | 1,358.70 | 538,641.30 |
| 12/23/14 | 002003 | JEFF ANDERSON & ASSOCIATES, P.A. 366 JACKSON ST., STE. 100 SAINT PAUL, MN 55101 | Attorney Fees | 3210-000 | | 390,000.00 | 148,641.30 |
| 12/23/14 | 002004 | JEFF ANDERSON & ASSOCIATES, P.C. 366 JACKSON ST., STE. 100 SAINT PAUL, MN 550101 | ATTORNEY EXPENSES | 3220-000 | | 20,014.16 | 128,627.14 |
| 12/31/14 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 295.22 | 128,331.92 |

|  |  | COLUMN TOTALS | 750,000.00 | 621,668.08 | 128,331.92 |
|---|---|---|---|---|---|
|  |  | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
|  |  | Subtotal | 750,000.00 | 621,668.08 | |
|  |  | Less: Payments to Debtors | | 0.00 | |
|  |  | Net | 750,000.00 | 621,668.08 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| GENERAL CHECKING - *******0211 | 750,000.00 | 621,668.08 | 128,331.92 |
|  | 750,000.00 | 621,668.08 | 128,331.92 |

Page Subtotals 750,000.00 621,668.08

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Ver: 18.03b

LFORM24

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2

Exhibit B

| Case No: | 09-72971 -MLB | Trustee Name: | DANIEL M. DONAHUE |
|---|---|---|---|
| Case Name: | RYBICKI, EDWARD J | Bank Name: | BANK OF KANSAS CITY |
| | RYBICKI, CECILLI | Account Number / CD #: | *******0211  GENERAL CHECKING |
| Taxpayer ID No: | *******5664 | | |
| For Period Ending: | 02/09/15 | Blanket Bond (per case limit): | $ 1,500,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

| | | | | Page Subtotals | 0.00 | 0.00 | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re:                              §
                                    §
RYBICKI, EDWARD J                   §         Case No. 09-72971
RYBICKI, CECILLI                    §
                                    §
                                    §
        Debtor(s)                   §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

     Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that DANIEL M. DONAHUE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

     The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
          U.S. Bankruptcy Clerk's Office
          Stanley J. Roszkowski U.S. Courthouse
          327 South Church Street
          Room 1100
          Rockford, Illinois 61101

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 9:30 AM on 03/02/2015 in Courtroom 3100,
          United States Courthouse
          327 South Church Street
          Rockford, IL 61101
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____          By: /s/ Daniel M. Donahue
                                                                                     Trustee

*DANIEL M. DONAHUE*
*P.O. BOX 2903*
*ROCKFORD, IL 61132-2903*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

In re: §
§
RYBICKI, EDWARD J § Case No. 09-72971
RYBICKI, CECILLI §
§
Debtor(s) §

SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION

The Final Report shows receipts of $

and approved disbursements of $

leaving a balance on hand of[1] $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DANIEL M. DONAHUE | $ | $ | $ |
| Attorney for Trustee Fees: MCGREEVY WILLIAMS | $ | $ | $ |
| Attorney for Trustee Expenses: MCGREEVY WILLIAMS | $ | $ | $ |
| Other: Jeff Anderson & Associates, PA | $ | $ | $ |
| Other: Jeff Anderson & Associates, PA | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*
UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000002 | First Mutual Bank | $ | $ | $ |
| 000003 | Chase Bank USA, N.A. | $ | $ | $ |
| 000004 | CommunityAmerica Credit Union | $ | $ | $ |
| 000006 | Capital One, N.A. | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of       % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $       . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $       .

Prepared By: /s/ Daniel M. Donahue
                                    Trustee

DANIEL M. DONAHUE
P.O. BOX 2903
ROCKFORD, IL 61132-2903

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-72971
Case Name: RYBICKI, EDWARD J
            RYBICKI, CECILLI
Trustee Name: DANIEL M. DONAHUE

Balance on hand                                                $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DANIEL M. DONAHUE | $ | $ | $ |
| Attorney for Trustee Fees: MCGREEVY WILLIAMS | $ | $ | $ |
| Attorney for Trustee Expenses: MCGREEVY WILLIAMS | $ | $ | $ |
| Other: Jeff Anderson & Associates, PA | $ | $ | $ |
| Other: Jeff Anderson & Associates, PA | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses        $_____
Remaining Balance                                              $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000002 | First Mutual Bank | $ | $ | $ |
| 000003 | Chase Bank USA, N.A. | $ | $ | $ |
| 000004 | CommunityAmerica Credit Union | $ | $ | $ |
| 000006 | Capital One, N.A. | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance                                             $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

      To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of      % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $        . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

      The amount of surplus returned to the debtor after payment of all claims and interest is $         .